UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



**FILED**

MAY – 2 2007

CLERK

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 06-40079 |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | ORDER |
| REBECCA G. THOMAS, | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Defendant Thomas is charged with felony failure to pay child support (Doc. 1). She has moved to enter a guilty plea from Minnesota by video conferencing (Doc. 16). The government has not resisted the motion.

## DISCUSSION

Understandably there is little precedent addressing the issue. The Eighth Circuit has not addressed the issue. The only circuit to address the issue decided that attendance at an arraignment is mandatory under Rule 43. In re: United States of America, Petitioner, 784 F.2d 1062, 1063 (11th Cir. 1986).

Federal Rule of Criminal Procedure 43(a) provides "[u]nless this rule, . . . provides otherwise, the defendant must be present at: (1) . . . the plea (2) . . . and (3) sentencing." None of the specifically described waiver of the right to be present situations in Rule 43 describe Thomas' situation.[1]

---

[1]Rule 43(c)(2) arguably could fit, but the history of the rule suggests this part of the rule presumes a trial has already commenced which, of course, is not Thomas' situation. The Federal Rules of Criminal Procedure were amended in 2002. The changes in Rule 43 were intended to

The U.S. Supreme Court has construed Rule 43 in an "escape before trial commenced" case. Defendant was convicted in absentia. The Supreme Court said "we express no opinion" whether or not the constitutional right to be present may be waived "in other circumstances."[2] Crosby v. United States, 506 U.S. 255, 261, 113 S. Ct. 748,752 (1993). The Eleventh Circuit has ruled that the plain language of Rule 43 "does not establish the right of a defendant to be present, but rather affirmatively requires presence." In re: United States of America, Petitioner, at 1063. It was error for the district court to allow defendants to waive presence at arraignment. Id. Judicial notice has been taken that federal district courts do not accept guilty pleas and impose sentences by telephone. Tabbert, Hahn, Earnest and Weddle, P.C. v. Lanza, 94 F.Supp.2d 1010, 1016, f.n. 4 (S.D. Indiana 2000).

The Supreme Court has said the right to waive fundamental rights, as well as one's rights under the Federal Rules of Criminal Procedure, is to be presumed:

> Our cases interpreting the Federal Rules of Criminal Procedure are consistent with this approach. The provisions of those Rules are presumptively waivable, though an express waiver clause may suggest that Congress intended to occupy the field and to preclude waiver under other, unstated circumstances.

---

be stylistic only, not substantive. The comments indicate the word "initially" means that a defendant who appeared at an arraignment for an indictment does not need to be present for a subsequent arraignment for a superseding indictment. The pre-amendment Rule 43(b) refers to "continued presence not required" and "the further progress of the trial to and including . . . the imposition of sentence will not be prevented and the defendant will be considered to have waived the right to be present whenever a defendant, initially present at trial" is voluntarily absent at the imposition of sentence. This language, read together with the current language of Rule 43, suggests the current Rule 43(c)(2) was not intended to cover the situation where a person wishes to enter a guilty plea by video conference.

[2]"[T]he Court addressed only the specific factual context of a defendant who fled prior to trial and declined to express an opinion on whether a defendant could waive the constitutional right to be present at trial—and by implication the protection of Rule 43— 'in other circumstances'". Cuoco v. United States, 208 F.3d 27, 31 (2nd Cir. 2000).

United States v. Mezzanatto, 513 U.S. 196, 201, 115 S. Ct. 797, 801-802 (1995), citing Crosby, 506 U.S. 255 (1993). It is not necessary to decide whether there are other circumstances not described in the waiver provisions of Rule 43 under which a defendant could waive the right to be present. In this case the specific issue is whether Ms. Thomas can waive her *obligation* to be personally present in court during her guilty plea. The issue is not whether she can waive her *right* to be present. Rule 43(a)(1) imposes an obligation to be present during a guilty plea.

This conclusion is reenforced by reference to the hearings for sections (a) and (b) of Rule 43 before the 2002 amendments and to the headings after the 2002 amendments. Before the 2002 amendments the heading for section (a) was "[p]resence [r]equired." The heading for section (b) was "[c]ontinued [p]resence [n]ot [r]equired. After the 2002 amendments the current headings are "[w]hen [r]equired" and "[w]aiving [c]ontinued [p]resence." Both before and after the 2002 amendments the plea is mentioned under the "required" heading of Rule 43, which itself is identified as the rule relating to "[d]efendant's [p]resence."

Finally, and most directly, the comments to Rule 10 (to which reference is made in Rule 43(a)) specifically indicate that the 2002 amendment does not permit a waiver of appearance at a guilty plea. Federal Criminal Code and Rules, p. 59 (West 2007). In the instances mentioned there, including the guilty plea, it was determined to be "more appropriate for the defendant to appear personally before the court." Id.

## ORDER

Accordingly, it is hereby

ORDERED that Defendant's motion (Doc. 16) to waive her right and obligation to be personally present during her guilty plea is DENIED.

3

Dated this 2nd day of May, 2007.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, CLERK

By _____
        Deputy

4